```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| IN RE LORI BUCCOLO, | Bankr. Pet. No. 05-30789 (RTL) |
|  | Bankr. Adv. Proc. 07-1008 (RTL) |
| Debtor. |  |
|  |  |
| BRUCE BUCCOLO, | CIVIL ACTION NO. 07-1036 (MLC) |
|  |  |
| Appellant, | **MEMORANDUM OPINION** |
|  |  |
| v. |  |
|  |  |
| THOMAS J. ORR, et al., |  |
|  |  |
| Appellees. |  |

**THE APPELLANT**, who is pro se, appealing from (1) an order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), dated January 26, 2007 ("January Order"), and (2) an order of the Bankruptcy Court, dated January 31, 2007 ("February Order") (dkt. entry no. 1); and the appellant having moved on March 22, 2007 to stay enforcement of the February Order pending this appeal (dkt. entry no. 3); and this Court, on March 29, 2007, having temporarily stayed enforcement of the February Order and ordered the parties to contact this Court for a briefing schedule when transcripts of the proceedings underlying the January Order and February Order were available (dkt. entry no. 5); and

**THE COURT**, on July 20, 2007, having, inter alia, (1) extinguished the temporary stay issued on March 29, 2007, and (2) ordered the appellant to show cause why this appeal should not be

dismissed for failure to prosecute because he had failed to acquire the transcripts required to perfect the appeal or file a brief for four months (dkt. entry no. 6), see Fed.R.Bankr.P. 8009(a)(1) (stating time limit for perfecting appeal), see Fed.R.Civ.P. 41(b) (stating action may be terminated for failure to prosecute); and the appellant moving to reinstate the temporary stay issued on March 29, 2007 (dkt. entry no. 8); and

**THE APPELLANT** submitting transcripts of Bankruptcy Court proceedings occurring on January 12, 2007, January 25, 2007, and January 29, 2007; and thus, the Court having issued an order on August 17, 2007 ("8-17-07 Order"), setting a briefing schedule for this appeal that is largely in accordance with the time limits set forth in Federal Rule of Bankruptcy Procedure 8009(a) (dkt. entry no. 9), see Fed.R.Bankr.P. 9006(b)(1) (stating, "when an act is required or allowed to be done at or within a specified period by these rules . . . the [C]ourt for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect"); and the Court, in the 8-17-07 Order, inter alia, (1) directing the appellant to file his brief by September 7, 2007 and to assure that his brief was received by the Office of the Clerk of the District Court, and (2) ordering that "**NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all

2

parties" (dkt entry no. 9, 8-17-07 Ord., at 4 (emphasis in original)); and

**THE APPELLANT** having filed his brief, which is dated September 26, 2007, on October 5, 2007, and thus, failing to comply with the 8-17-07 Order (see dkt. entry no. 10, Appellant Br.); and the chapter 7 trustee ("Trustee"), an appellee, arguing that because appellant "violated this Court's clear mandate, it would appear . . . that dismissal of the appeal would be appropriate" (dkt. entry no. 11, 10-9-07 Dobin Letter, at 1);[1] and it appearing that the appellant, in addition to ignoring the 8-17-07 Order, has repeatedly delayed prosecution of this appeal; and

**IT APPEARING** that this Court may dismiss an appeal from an order of the Bankruptcy Court for an appellant's failure to prosecute and file a brief in a timely fashion, see Fed.R.Bankr.P. 8001(a) (explaining that an appellant's failure to take any steps after filing a notice of appeal "is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal"), In re Michaelesco, 154 Fed.Appx. 230, 230-32 (2d Cir. 2005), cert. denied, 126 S.Ct. 2868 (2006), In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993), Ocwen Fed. Sav. Bank v. Jennings, No. 05-5106, 2006 WL

---

[1] The Court notes that the appellant was able to file a brief in a separate appeal by September 21, 2007. (See No. 07-3543 (MLC), dkt. entry no. 4.)

2403442, at *1 (D.N.J. Aug. 17, 2006); and it appearing that even a pro se appellant must abide by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, see In re Am. Metrocomm Corp., 196 Fed.Appx. 86, 87-88 (3d Cir. 2006) (stating pro se litigant cannot ignore deadline for prosecuting appeal); and it appearing that the Court should balance the following factors in determining whether to dismiss an appeal for failure to prosecute: (1) the extent of the party's personal responsibility, (2) any prejudice to the adverse party caused by the failure to meet scheduling orders and respond to discovery, (3) whether the party has a history of dilatoriness, (4) whether the party acted willfully or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the party's claim, Richardson v. Treacy, Shaffel, Moore & Mueller (In re Richardson Indus. Contractors, Inc.), 189 Fed.Appx. 93, 96 (3d Cir. 2006); and

**THE COURT** finding that (1) the appellant chose to proceed pro se with this appeal, and thus, is solely responsible for his failure to prosecute the appeal,[2] (2) the Trustee has been repeatedly delayed in marketing and selling the property at issue

---

[2] The appellant continues to be represented by counsel in the adversary proceeding and bankruptcy action underlying this appeal. (No. 07-3543 (MLC), dkt. entry no. 4, Buccolo Cert., Ex. A, 2-26-07 Knowlton Letter (stating that her law firm does not represent the appellant on appeal "but continues to represent him in the bankruptcy matter").)

and obtaining the value of the property's equity for distribution to the debtor's unsecured creditors, and (3) the Trustee has also been delayed in ultimately resolving the debtor's bankruptcy case; and the Court finding that the appellant has a history of dilatoriness, including (1) failing to perfect this appeal by obtaining transcripts of the proceedings underlying the January Order and February Order for more than four months, (2) failing to file his brief by the date set forth in the 8-17-07 Order, and (3) failing to answer the complaint in the adversary proceeding underlying this appeal, which was filed on January 5, 2007;[3] and the Court also finding that (1) the appellant's conduct was willful because he was able to file a notice of appeal and designation of record on July 31, 2007, and a brief by September 21, 2001, in a separate appeal, but failed to file his brief in this appeal by September 7, 2007, as was required by the 8-17-07 Order (see No. 07-3543 (MLC), dkt. entry nos. 1-4), and (2) no sanctions other than dismissal will permit the Trustee to proceed with the adversary proceeding and bankruptcy case underlying this appeal; and the Court determining, after reviewing the appellant's brief, that the appellant only argues, inter alia,

---

[3] The Court notes that the appellant moved for leave to file an answer to the adversarial complaint out of time on June 21, 2007, more than five months after the adversary complaint was filed. (Bankr. Adv. Proc. 07-1008 (RTL), dkt. entry no. 42.) The Bankruptcy Court denied that motion. (Id., dkt. entry no. 45.)

that (1) the Bankruptcy Court erred by not giving meaning and effect to 11 U.S.C. § ("Section") 704, which required the Trustee to accept his "reasonable proposal to purchase the property and to pay off the other creditors with the financing derived therefrom" (dkt. entry no. 10, Appellant Br., at 12-13), (2) the Bankruptcy Court improperly relied on Section 544(a)(1), which should only come into play "when there exists a genuine conflict of interest between the parties in interest that could only be resolved by the intervention of the trustee" (id. at 15 (emphasis in original)), (3) there was "no need or call for the trustee to invoke section 544 powers and to throw his weight around, he being strictly bound by section 704 to work in the best interests of all parties in interest which includes me" (id. (emphasis omitted)), (4) the Trustee "who owes trust to all parties in interest, violated that trust, and threw my proposal in the toilet bowl" (id. at 16), (5) "Congress never intended for the trustee to run wild, to do whatever suits his fancy and to be a bullying dictator while the courts turn a blind eye" (id.), (6) Section 363(k) permits him to offset his allowed claim of $450,000 against the purchase price of the property (id. at 19), and (7) the Bankruptcy Court "should have ordered a section 363(b) sale to me" (id. at 20); and the Court therefore determining that because the appellant has misinterpreted the

provisions of the United States Bankruptcy Code, his appeal has little merit; and

    **THE COURT** thus intending to dismiss the appeal; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for good cause appearing, the Court will issue an appropriate order.

                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

**Dated:** October 22, 2007